(No. 6858.   May 26, 1941.)

D. J. SWEENEY, Appellant, v. AMERICAN NATIONAL BANK and CHARLES F. HANMER and MATA HANMER, Respondents.

[115 Pac. (2d) 109]

St. Clair, Peterson & St. Clair, and Anderson, Bowen & Anderson, for Appellant.

E. H. Casterlin, John L. Bloem, and Ralph L. Albaugh, for Rospondents.

BUDGE, C. J.—This action was commenced under the provisions of Chapter 70, Session Laws, 1933, known as the Declaratory Judgment Act. The complaint among other things, alleged that on September 13, 1937, appel-

lant Sweeney entered into a written contract with respondents Hanmer and wife, and the American National Bank of Idaho Falls for the construction of a building on the premises of the Hanmers in Lemhi county for approximately $20,000.00, of which the Hanmers were to put up $10,000.00 and the Bank the other $10,000.00 to be secured by a mortgage on the building. The contract stipulates that Sweeney must complete the building even though it may cost more than $20,000.00, but that in the event the cost exceeds $20,000.00, Sweeney must look to the Hanmers for the excess. The complaint also alleged that on September 13, 1937, appellant entered into an oral contract with respondent Hanmer, representing the community of himself and wife, by virtue of which contract, appellant agreed to perform work and labor, or supply the same, and furnish material for the construction of the building for the Hanmers; that the materials were furnished and labor performed by appellant. It is alleged in the complaint that the materials so furnished and the labor so performed under the contract amount to the total and agreed reasonable value of $23,850.00, and that there is a balance now owing of $5,174.80 together with interest thereon.

It is further alleged that the written contract between appellant Sweeney, respondents American National Bank and the Hanmers is indefinite and uncertain in that the contract provides as follows:

"Said party of the second part further agrees that should the sum of Twenty Thousand Dollars be insufficient in amount to pay the costs and expenses of the construction of said building, according to the plans and specifications thereof, to finish said construction and not to place any liens or attachments upon said lot and buildings, or to permit any liens or attachments to be placed thereon by any other person furnishing material or labor, so long as said note and mortgage given to the American National Bank of Idaho Falls remains unpaid and unsatisfied, but during such time will look to said Charles F. Hanmer for the payment of such additional expense and will give him a reasonable time within which to pay the

same, following the payment and satisfaction of said note and mortgage given to said bank."

At another place in the contract it provides as follows:

"It being the intent and purpose of all the parties herein that in the construction of said building no liens or claims of any kind shall be filed against the building growing out of the construction thereof, either in labor performed or materials furnished, until the note and mortgage held upon said property by the American National Bank of Idaho Falls is fully paid, satisfied, and discharged, and that should the cost of constructing said building exceed the sum of Twenty Thousand Dollars, the said contractor, D. J. Sweeney, will look to said Charles F. Hanmer, individually, for the payment of this additional expense, and will file no liens or claims upon said lot and premises until said mortgage and note thereby secured, held by the American National Bank of Idaho Falls, is fully paid, satisfied and discharged; and that in the handling and payment of said Ten Thousand Dollars in the construction of said building said bank shall act as trustee and make payment only upon proper vouchers given therefor."

Appellant Sweeney contends that the two foregoing provisions of the contract are conflicting in that the first one indicates that he must wait to bring his proposed action until such time as the American National Bank is fully paid; whereas the second paragraph cited above, indicates that he may bring his proposed action at once for the alleged balance due, but that any judgment so obtained shall not become a lien on the property until the American National Bank is fully paid.

A controversy has arisen between respondents and appellants relating to their legal status, rights and duties under the written contract and the oral agreement in that the sum of $5,174.80 is claimed by appellant to be owing, and now due, and collectible from Hanmer and wife, whereas respondents dispute said claim as to any amount being owing at all, or now due, and contend that if any money is owing, that it is not due until the note and mortgage referred to in the contract is paid in full.

Appellant sought a declaration of his status, rights and

duties in the premises, including a construction of the contract, and asked that in the event it should be determined that appellant must wait to collect the money that is owing to him from respondents Hanmer, until respondent American National Bank is paid in full, then, in that event, that it be declared and adjudged the duty of the Bank to collect the money as the same matures, to the end that appellant will not, and shall not, suffer any injury or damage by reason of the inactivity or failure of the Bank to collect the money.

The respondents Hanmer filed their motion and affidavit of merits for a change of venue to Lemhi county, the county of their residence. They also filed a demurrer and an amended demurrer. The Bank filed a demurrer and a motion to separately state. All of these motions and demurrers were over-ruled, but the court so ruled in denying said motions and demurrers, that appellant contends that he was deprived of certain essential features of his cause of action. In other words, appellant sought a declaratory judgment as to the meaning of the written contract, and also whether or not, respondents Hanmer were indebted to him in the amount alleged, and if so, when he could collect the same. The ruling of the court was in effect that the complaint stated but one cause of action, to-wit, one for a declaratory judgment declaring the legal rights of the respective parties to the tri-party contract; and that the allegation of the complaint alleging the existence of an oral agreement between appellant Sweeney and respondents Hanmer, that there is a balance due and owing to appellant thereunder, is surplusage, except possibly to show a bona fide controversy. Or, otherwise stated, the court in ruling on the motions and demurrers limited the issues to an interpretation of the tri-party contract.

There is no cross-appeal here; therefore, the ruling of the court on the motions and demurrers is not here for consideration. Respondents filed a joint answer admitting the corporate capacity of the American National Bank but made no denial in their answer of the allegation in the complaint respecting the balance alleged to be due from respondents Hanmer to appellant Sweeney, relying

upon the ruling of the court upon the motions and demurrers thereby eliminating the question of the alleged amount due Sweeney. However, the court did receive some evidence as to the amount of said balance, and found that "there is some balance due from the defendants Hanmers to the plaintiff Sweeney," but refused to find the cost of construction of the building, or the amount of the balance.

The court found that the action filed by appellant was a proper one in which to make a declaration of rights; and "that under said contract the plaintiff has a right to forthwith sue said Hanmer and wife for the balance due; but that said Hanmer and wife would have a reasonable time after the amount due from them to said Sweeney was determined within which to pay the same, and after the money to said American National Bank was due, to satisfy said amount"; and "that a reasonable time within which to pay any judgment that may be obtained by said Sweeney against said Hanmers will be thirty days after all installments under said note and mortgage to the American National Bank have matured, and said time is fixed by the court as reasonable." The court concluded "That this action is properly brought; that a controversy existed between the parties, and that it was necessary to construe said contract in order to stabilize and fix rights of the parties and that under said contract the plaintiff has a right to proceed at once to bring a suit for the determination of the amount due from said Hanmers," and "That said judgment of said Sweeney, if and when obtained, is not to operate as a lien on or against the property involved in the building contract until a reasonable time after the obligation of the Hanmers to the American National Bank shall become due." Judgment was thereupon entered in accordance with the findings of fact and conclusions of law as herein above indicated, from which this appeal is taken.

Appellant makes seven assignments of error but there is really only one question presented, namely, did the court err in limiting its judgment to a construction of the written contract and in refusing to proceed further and determine the amount due from Hanmers to Sweeney.

In *Adams v. Cook*, 101 Pac. (2d) 484, it is held "The powers of a court acting under a statute authorizing declaratory relief are as broad and as extensive as those exercised by such court in a suit in equity."

It was held in *Reliance Life Ins. Co. v. Burgess*, 112 Fed. 234, as follows: "The Declaratory Judgment Act must be liberally construed to attain its objective, which is to expedite and simplify the ascertainment of uncertain rights."

Anderson on Declaratory Judgments, page 29, in stating the general rule uses this language:

"The very purpose of the declaratory judgment statutes, as expressed within the uniform act, is to settle and to afford relief for uncertainty and insecurity with respect to rights, status, and other legal relations, and to place a restricted construction upon this language would be to delete from the statute a beneficent provision, inserted therein by virtue of legislative authority. It should be kept constantly in view, lest we lose the benefit of this instrumentality of justice, that it is to be liberally construed and freely applied in cases coming within its terms."

And again at page 523:

"Courts have frequently exercised the discretion reposed in them and refused to enter declaratory judgments, unless the controversy between the parties will thereby be terminated, or uncertainty ended. The discretionary power of the court to either take jurisdiction or decline the same does not warrant the court in trying a declaratory action in piecemeal."

The general rule seems to be as held in *Samuel Goldwin Inc. v. United Artists Corp.*, 113 Fed. (2d) 703, at p. 709, where the court said as follows:

"The criteria must always be whether a declaratory judgment will clarify and settle the legal relations in issue, and whether such declaration will afford relief from uncertainty and controversy giving rise to the proceeding."

The rule would seem to be well settled that in a proceeding for a declaratory judgment the court has

jurisdiction both to construe the contract and to award damages. (*Tolle v. Struve,* 12 Pac. (2d) 61; *Parkford v. Union Drilling & Petroleum Co.,* 5 Pac. (2d) 440, 444; *Reese v. Levin,* 123 So. 809; *National City Bank v. Waggoner,* 243 N. Y. S. 299; *Morris v. Ellis,* 266 N. W. 921; *Holly Sugar Corp. v. Fritzer,* 296 Pac. 206, 210; *Beatty v. C. B. & Q. R. Co.,* 52 Pac. (2d) 404; *Berman v. Wreck-a-Pair Bldg. Co.,* 175 So. 269; *Joy v. New Amsterdam Casualty Co.,* 120 Atl. 684.)

It is the policy of the law that if possible all differences should be decided in the one proceeding. (*Gillette v. Oberholtzer,* 45 Ida. 571, 264 Pac. 229; *Mochel v. Cleveland,* 51 Ida. 468, 5 Pac. (2d) 549; *Nelson v. Inland Motor Freight Co.,* 60 Ida. 443, 92 Pac. (2d) 790.)

The court had jurisdiction of the parties, jurisdiction of the subject-matter, and found that the action was a proper one for a declaratory judgment. It would, therefore, seem to follow that the court erred in that it did not proceed farther and declare the rights, status, and legal relations existing between all of the parties to the contract thereby terminating the controversy by its declaratory judgment. In order to do this it was necessary to determine, not only that "there is some balance due from the defendants Hanmer to the appellant Sweeney," but also the court should have determined what amount was due.

As against the Hanmers, the complaint tenders two issues, *first,* the correct construction of the contracts; and, *second,* claim for damages.

The first issue has been properly determined by the court; the second issue has been left undetermined. In the latter respect, the judgment must be reversed. After the court construed the contract and determined that "there is some balance due from the defendants Hanmer" to the appellant, the court should have ordered a trial before a jury (unless waived), to determine the amount due under the allegations of the complaint. (Declaratory Judgment Act, sec. 9, chap. 70, p. 113, 1933 Sess. Laws.)

The judgment must therefore be reversed and the cause remanded with instructions to allow respondents to amend their answer, if they desire to do so, putting in

issue the amount due. The judgment is reversed accordingly. Each party is to pay for his own brief; all other costs on appeal to be equally divided.

Morgan, Holden, and Ailshie, JJ., concur.

GIVENS, J. (Concurring specially)—I concur in the opinion of Budge, C. J., except that appellants should be permitted, if they so desire, to renew their motion for change of venue.