238 P.2d 435

ENNIS v. CASEY et al.

Nos. 7657, 7658.

Supreme Court of Idaho.

Dec. 1, 1951.

182

Wm. S. Hawkins and E. L. Miller, Coeur d'Alene, and J. Alfred May, Moses Lake, Wash., for respondent.

W. J. Nixon, Bonners Ferry, and Stephen Bistline, Sandpoint, for appellants.

**KEETON, Justice.**

This action for declaratory relief under Sec. 10-1201, I.C. was instituted by Isabella Ennis, plaintiff and respondent, hereinafter referred to as the plaintiff, against W. L. Casey doing business as Idaho Boyd-Conlee Company, appellant, hereinafter referred to as the company, and Boundary Grain and Feed, Inc., a corporation, appellant, hereinafter referred to as the corporation.

By an amended complaint plaintiff alleged that on and between August 19, 1946, and May 12, 1947, she stored with the company 747,715 lbs. of wheat and there were issued to her negotiable warehouse receipts showing dates and pounds of wheat so stored; that on August 31, 1948, the company notified the plaintiff that the wheat represented by said warehouse receipts had sustained a flood damage which destroyed 106,722 lbs. thereof, and that new negotiable warehouse receipts would be issued by the corporation for the total wheat stored, less the wheat damaged by the flood.

Plaintiff further alleged she was entitled to have issued to her new negotiable warehouse receipts for the amount and kind of wheat represented without reduction on account of flood damage; that if a part of plaintiff's wheat was destroyed by a flood, the company and the corporation were in a position to know by the exercise of reasonable care that such flood was imminent and could have removed the wheat to a place of safety, and the failure so to do constituted negligence.

Subsequent to the damage to the stored wheat in the company's warehouse, the business and warehouse were purchased by the corporation.

Judgment was entered against the corporation by default.

The company filed an answer, its demurrer to the amended complaint having been overruled and on issues joined, the case was tried before the court without a jury.

On testimony submitted the court found that the wheat described in plaintiff's complaint, totaling 747,715 lbs., had been stored in a warehouse of the company, that the plaintiff is the owner and holder of negotiable warehouse receipts, and "* * * That a portion of said wheat was damaged by flood and that such flood damage was sustained by virtue of and as a result of the failure of the defendant W. L. Casey and W. L. Casey doing business as Idaho Boyd-Conlee Company and/or his or its employees or agents to exercise such care in regard to that wheat as a reasonable careful owner under similar conditions would exercise and that said damage could have been avoided by the exercise of such care by the defendants W. L. Casey and Idaho Boyd-Conlee Company."

The court further found that the company knew, or by the exercise of reasonable care, was in a position to know that a flood was imminent, and that the company did not take any steps to protect plaintiff's grain against the impending flood, and if the company had acted as a reasonable prudent person, the wheat could and should have been removed and the damage to the grain prevented; that the flood damage could have been avoided if the company had exercised a degree of care incumbent upon a reasonable prudent person.

In the decree following the findings, the court decreed that the plaintiff is entitled to have issued to her new negotiable uniform warehouse receipts in the amount and for the kind of wheat set forth in the original warehouse receipts without any reduction on account of flood damage, and decreed the company to have been guilty of negligence.

The company and the corporation filed separate appeals and for the purpose of decision, both appeals will be discussed and decided in one opinion.

By assignments of error the company attacks the bringing and entertaining of this action under the declaratory judgment statute contending that a recovery, if any, must be based on negligence. Hence the suit is not one for a declaratory judgment.

The declaratory judgment act, Sec. 10–1201, I.C. provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

A statute worded the same as the above has been enacted by many of the states, also the United States Congress. No authority from any decision of the states, or the United States, has been called to our attention where the statute had been interpreted to include an adjudication of rights and liability which necessitated the determination of whether or not a tort or wrong had been committed, or to determine a liability due to breach of contract. Whatever rights the plaintiff may have had under the original warehouse receipts issued to her are well defined by law and the question of whether or not the company or the corporation should be required to honor in full the warehouse receipts in damages or otherwise, is a matter that cannot be determined under the declaratory judgment statute. Sec. 10–1212, I.C.

If duplicate receipts were issued to the plaintiff, such receipts would simply represent legal rights already possessed by her.

Whether the company and the corporation, or either, were liable in damages.

for the wheat destroyed by the flood was a question of fact that would have to be determined by a jury (unless waived) and not by a court. If the proceedings, as interpreted by the learned trial judge, were for a determination of the rights and liabilities due to negligence, the company and corporation would be entitled to a jury trial. Art. 1, Sec. 7, Idaho Constitution; Sec. 10–1209, I.C.; Sweeney v. American National Bank, 62 Idaho 544, 115 P.2d 109, 112.

In Sweeney v. American National Bank, supra, this Court held that where a contract had been construed under the declaratory judgment act "the court should have ordered a trial before a jury (unless waived) to determine the amount due under the allegations of the complaint".

In the case before us, the question involved was whether or not the company and the corporation were liable due to negligence, or otherwise, and the court acted by deciding the question of negligence without any determination of any amount due. Both questions presented were disputed questions of fact determinable only in a jury trial. Sec. 10–1209, I.C.

By the terms of the judgment, the trial court ordered the company and the corporation to deliver to the plaintiff duplicate warehouse receipts for a quantity of wheat conclusively shown not to exist, and further decreed that the corporation should deliver warehouse receipts for wheat stored in a warehouse at a time when the warehouse was not owned by the corporation, and for which no contractual relations were shown to exist between the plaintiff and the corporation, or assumption of liability, if any, by it; and further ordered that such duplicate warehouse receipts should include a quantity of wheat destroyed prior to the time the corporation purchased the warehouse.

While it has been held that a declaratory judgment proceedings may be maintained, although such proceedings involve the determination of a disputed question of fact, Hamilton Corporation v. Corum, 218 Cal. 92, 21 P.2d 413; Sec. 10–1209, I.C., it cannot be used where the object of the proceedings is to try such fact as a determinative issue, 1 C.J.S., Actions, p. 1031, § 18, and a declaratory judgment should be refused where the questions presented should be the subject of judicial investigation in a regular action. Heller v. Shapiro, 208 Wis. 310, 242 N.W. 174, 87 A.L.R. 1201; Oldham County ex rel. Woolridge v. Arvin, 244 Ky. 551, 51 S.W.2d 657.

In the case before us, plaintiff could have had determined in a regular suit the questions sought to be decided under the declaratory judgment statute. An action for a declaratory judgment may be maintained only for the purpose of determining and declaring fixed legal rights where it will accomplish some useful purpose. It cannot be invoked merely to try issues and determine questions which are

186

uncertain and hypothetical. 1 C.J.S., Actions, § 18, p. 1023; Ladner v. Siegel, 294 Pa. 368, 144 A. 274.

 If the plaintiff had any rights against the company for the destroyed wheat, the matter could and should have been determined in an action based on the warehouse receipts already in existence.

 . What would have to be shown to make the corporation liable in the suit before us, if there is any liability, it is unnecessary to determine, for the reason that the corporation was never served with process and at no time made any appearance in the cause. Judgment was entered against it by default. Neither the complaint nor the amended complaint was ever served on it. It therefore follows that the judgment entered by default against the corporation is void. Secs. 5–507, I.C. and 5–609, I.C.; Vermont Loan & Trust Co. v. McGregor, 5 Idaho 510, 51 P. 104; Hill v. Morgan, 9 Idaho 718, 76 P. 323.

We therefore conclude that the demurrer of the company to the amended complaint should have been sustained with leave to the plaintiff to file an amended complaint if she elects so to do. Judgment appealed from is reversed and remanded for further proceedings in accordance with the opinion herein. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.