350 P.2d 217

**NATIONAL RO–TILE CORPORATION, an Idaho Corporation, Plaintiff-Respondent,**

v.

**Floyd LOOMIS and Viola Loomis, husband and wife, Defendants-Appellants.**

No. 8766.

Supreme Court of Idaho.

Feb. 17, 1960.

Rehearing Denied March 31, 1960.

Donart & Donart, Weiser, for appellants.

Clemons, Skiles & Green, Boise, for respondent.

SMITH, Justice.

Respondent, as successor to Idaho Bartile Company, instituted this action to recover the contract price of installation of a tile roof upon appellants' dwelling house, together with attorney fees, alleging performance of its obligation to install the roof, required by a written contract of the parties, respondent's predecessor and appellants.

Appellants by their answer admit the execution of the contract but deny the remaining material allegations of the complaint. Appellants by way of separate defenses allege:

First: That respondent is barred from maintaining this action because of a prior action instituted by respondent's predecessor seeking foreclosure of its claim of lien for its labor and material furnished for installation of the tile roof, which action re-

sulted in a judgment of nonsuit in favor of appellants from which no appeal was taken;

Second: That appellants were induced to sign the written contract because of the fraudulent representations of respondent's agent to the effect, that if the dwelling house should be reroofed with a tile roof installed by respondent, snow would slide from the tile roof as soon as, or sooner than, it would slide from the metallic roofs of appellants' other ranch buildings; that ice would not build up on the eaves of the dwelling house; that if snow would not so slide, then the tile roof would not cost appellants anything; that respondent executed and delivered to appellants a guaranty or warranty to such effect subsequent to the execution of the contract and before installation of the tile roof; that when the work of installing the roof was practically completed, respondent fraudulently procured the guaranty or warranty from appellants' possession and thereafter failed and refused to return it.

Trial, with a jury retained in an advisory capacity, both parties having moved for a directed verdict, resulted in judgment for respondent, from which appellants perfected an appeal.

■ Appellants assign error committed by the trial court in refusing to grant their motion for directed verdict on the ground that the judgment of nonsuit in the prior action precluded the maintenance of the

instant action. Appellants rely primarily upon I.C., § 10–705(5) which in part provides:

"Dismissal or nonsuit.—An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

\*    \*    \*    \*    \*    \*

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case to entitle him to verdict or judgment.

"\*   \*   \* A dismissal under the fifth subdivision shall operate as a bar to another action upon the *same cause of action*." (Emphasis supplied.)

The prior action, commenced January 3, 1955, to foreclose respondent's recorded claim of lien asserted against appellants' real property, was grounded on the theory that at appellants' instance and request and for an agreed sum, respondent had performed labor and furnished materials necessary for the installation of a tile roof upon appellants' dwelling house.

Appellants, in their affirmative defense to the complaint in the prior action, alleged the written contract between the parties, which is dated September 9, 1954, and which constitutes the basis of the present action. This contract provides for payment of the purchase price of the tile roof in three annual installments commencing one year from the date of completion of the roof. It is thus clear that respondent prematurely brought the prior lien foreclosure action in that as of a time prior to commencement of that action the time of performance of the contract had not arrived, and no breach of the contract had occurred thereby to accelerate payment of the total purchase price. Gregory v. Peabody, 149 Wash. 227, 270 P. 825; Pemberton v. Ladue Realty & Construction Co., 359 Mo. 907, 224 S.W.2d 383; 30A Am. Jur., Judgments, § 335, p. 379 and § 365, p. 407; Restatement of the Law, Judgments, § 54, p. 211. Accordingly the judgment of nonsuit entered in the prior action did not constitute a bar to the present action.

We now shall consider appellants' assignment which questions the sufficiency of the evidence to sustain the judgment, appellants asserting that the undisputed evidence clearly shows that respondent executed and delivered to appellants the alleged written instrument of warranty.

Appellant Floyd Loomis testified that respondent executed and delivered to appellants such an instrument of warranty bearing the signatures of Mr. Nave, respondent's salesman, and Mr. Thompson, manager of respondent's Boise office. Mrs. Loomis corroborated this testimony. In addition, she related the circumstances of how Nave subsequently obtained possession of this instrument from her, when Mr.

Loomis was absent, upon Nave's representation that respondent needed to incorporate the instrument of warranty into and as a part of the conract for installation of the roof, in order that the contract be complete upon respondent's presenting it to "the bank" for loan purposes; that Nave represented he would take the warranty to a Mr. Armstrong, a notary public in nearby Donnelly, "to have it typed and then incorporated in with the original contract," and that then he would return the instrument; that Nave did not return the instrument, and that appellants never thereafter saw him. Also in evidence is the letter of appellant Floyd Loomis (Def. Exh. 9–A), of September 17, 1954, to Continental State Bank, Boise, in reply to the bank's September 15, 1954, communication to him, stating that the bank had approved his application, presented by Idaho Bartile Company, for a loan of $1,200 to be repaid in three annual payments. This reply letter of Mr. Loomis reads:

> "Donnelly, Idaho
> "Sept. 17, 1954

"Continental State Bank

"Boise, Idaho

"Dear Sir:

"I have your letter stating that you have approved my application for a F.H.A. loan in the amount of $1200.00. Please be advised that I have not knowingly applied for an F.H.A. loan.

"I have, however, made an agreement with the Idaho Bartile Company of Boise, Idaho to put on a Bartile roof here, under the following conditions.

"They have agreed to place a Bartile roof on my house, and guarantee among other things that the snow will slide off of this roof as soon or sooner than it will any other kind of metal roofs that I now have on the ranch, and in addition thereto, they guarantee that the snow and ice will not build up on the eaves causing water to back up under the tile.

"If it fails to do what they say it will, I am not obligated to pay them anything for labor or material.

"If it does do what they guarantee it to do, then I am to pay them $398.11 one year from the date the job is finished, and $398.11 two years from the date the job is finished, and $398.-11 three years from the date the job is finished.

"If you are buying my note, I think you should know about this guarantee. I can pay cash for this job but due to the snow and ice hazard, I prefer to handle the deal on this three year payment plan.

They have not put any tile on roof at this writing."

Although Mr. Thompson, respondent's witness, testified that he did not execute such warranty, nevertheless he did not deny that such a warranty had not in fact been executed. Moreover, appellants refused to allow the installation of any part of the tile roof until respondent had executed and delivered to them the instrument of warranty. The evidence thus presents a state of facts and circumstances pointing to the inherent improbability of the truth of the theory advanced by respondent; and the truth of that of appellants. Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 447, 74 P.2d 171, 175, contains the excellent statement of this rule, as follows:

"The rule applicable to all witnesses, whether parties or interested in the event of an action, is, that either a board, court, or jury must accept as true the positive, uncontradicted testimony of a credible witness, unless his testimony is inherently improbable, or rendered so by facts and circumstances disclosed at the hearing or trial. Manley v. Harvey Lumber Co., 175 Minn. 489, 221 N.W. 913, 914. In Jeffrey v. Trouse, 100 Mont. 538, 50 P.2d 872, 874, it is held that neither the trial court nor a jury may arbitrarily or capriciously disregard the testimony of a witness unimpeached by any of the modes known to the law, if such testimony does not exceed probability. And, in Arundel v. Turk, 16 Cal.App.2d 293, 60 P.2d 486, 487, 488, the rule is stated thus: 'Testimony which is inherently improbable may be disregarded, * * * but to warrant such action there must exist either a physical impossibility of the evidence being true, or its falsity must be apparent, without any resort to inferences or deductions.'"

See also First Trust & Savings Bank v. Randall, 59 Idaho 705, 715, 89 P.2d 741; In re Odberg's Estate, 67 Idaho 447, 454, 182 P.2d 945. Applying this rule to the facts disclosed in this case we are constrained to hold that appellants proved the existence of such a warranty and that the trial court abused its discretion in disregarding its effect in reaching the decision. Appellants' assignment of error is meritorious.

We deem it unnecessary to consider appellants' further assignments of error.

The judgment of the district court is reversed and the cause is remanded for a new trial.

Costs to appellants.

TAYLOR, C. J., and KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., did not participate.