518 F.2d 711
 The NATIONAL HEALTH FEDERATION and Gustave E. Heidemann,
Plaintiffs-Appellants,
v.
Caspar W. WEINBERGER, U. S. Secretary of Health, Education
and Welfare, andAlexander M. Schmidt, M.D., U. S.
Commissioner of Food and
Drugs,Defendants-Appellees.
 No. 74-1524.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 21, 1975.
Decided June 4, 1975.
 
 Kirkpatrick W. Dilling and Dennis M. Gronek, Chicago, Ill., for plaintiffs-appellants.
 James R. Thompson, U. S. Atty., Gary L. Starkman and Frederick H. Branding, Asst. U. S. Attys., Chicago, Ill., Stephen H. McNamara, Atty., U. S. Food and Drug Administration, Rockville, Md., Howard S. Epstein, Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before CASTLE, Senior Circuit Judge, and CUMMINGS and SPRECHER, Circuit Judges.
 CASTLE, Senior Circuit Judge.
 
 
 1
 Seeking declaratory and injunctive relief, plaintiffs The National Health Federation (NHF) and Gustave E. Heidemann filed a complaint on September 27, 1973 challenging the validity of two regulations of the United States Food and Drug Administration: 21 C.F.R. §§ 3.94 & 3.95. Those regulations provide respectively that oral preparations of Vitamin A in excess of 10,000 IU (international units) per dosage unit and oral preparations of Vitamin D in excess of 400 IU per dosage unit are drugs and are restricted to sale by prescription. The plaintiffs contend that the regulations are invalid because they were promulgated without a public hearing, and because the classification of these higher dosage forms of Vitamins A & D as drugs by the regulations is arbitrary and capricious.
 
 
 2
 Prior to the institution of the present suit, different plaintiffs filed a complaint in the United States District Court for the Southern District of New York attacking these same regulations and seeking, in addition to a preliminary injunction, identical relief. The National Nutritional Foods Association v. Weinberger, No. 73 Civ. 3448 (S.D.N.Y., filed Aug. 6, 1973). In light of the pending New York litigation, the trial court, in the exercise of its discretion, dismissed the present complaint on December 27, 1973. That order of dismissal was vacated, but subsequently, on March 22, 1974, the present complaint was again dismissed, the court this time reaching the merits.[1] The plaintiffs appeal, and we affirm the dismissal, although for different reasons, believing that the district court should not have entertained the present action.
 
 
 3
 Injunctive and declaratory judgment remedies are discretionary, and in the exercise of its discretion the court may dismiss a declaratory or injunctive suit if the same issue is pending in litigation elsewhere. Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 154-155, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Although the remedy is discretionary with the trial court, we may exercise our own judgment in determining whether a suit for declaratory and injunctive relief should be entertained. Broadview Chemical Corp. v. Loctite Corp., 417 F.2d 998, 1000 (2d Cir. 1969), cert. denied, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970); Sears, Roebuck & Co. v. American Mutual Liability Insurance Co., 372 F.2d 435 (7th Cir. 1969). Where the issues in the other pending suit are the same, then the effect to be given to that action should be further guided by broad principles of convenience, expediency,and efficiency. 6A Moore's Federal Practice P 57.08(6-1), at 58-59 (2d ed. 1974). Applying the above guidelines, we think that dismissal is particularly appropriate for this complaint.
 
 
 4
 Comparison of the complaint here with the one filed in New York makes it clear that the issues raised in both complaints are identical, and a review of the litigation that has occurred so far in New York reinforces that conclusion.[2] Further, a resolution of the validity of the regulations here would require an inquiry into the entire administrative record made before the Commissioner of Food and Drugs, and counsel for the Government informs us without dispute that the record is voluminous and contains complex scientific data.[3] Consequently, the fact that a full airing of the issues is occurring in the New York litigation, plus a concern for judicial economy of time and a disinclination toward duplication of effort are factors which point to dismissal as the appropriate disposition. Additionally, the desire to avoid piecemeal litigation also counsels for dismissal. See 10 C. Wright & A. Miller, Federal Practice and Procedure § 2759, at 785 (1973). As stated in Carbide and Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 140 F.2d 47, 49 (4th Cir. 1944), quoting Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937):
 
 
 5
 We think that this discretion (to entertain declaratory relief) should be liberally exercised . . . ; but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction.
 
 
 6
 We recognize that the plaintiffs here are different plaintiffs from those involved in the New York litigation, and that dismissal of the equitable relief sought here has generally occurred where the parties in the other pending action were the same as the parties in the dismissed action. E. g., Carbide and Carbon Chemicals Corp., supra. Thus, although there would be dismissal, the parties would still have their day in court. Here, although dismissal would leave the plaintiffs on the sidelines, there is no bar to reinstitution of their complaint, since this discretionary dismissal would operate without prejudice. Fed.R.Civ.P. 41(b); see Costello v. United States, 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). Consequently, the factors which point to dismissal as appropriate are not diminished by any problem of denying these plaintiffs a judicial forum.
 
 
 7
 Another factor convinces us that discretionary dismissal is equitable. Plaintiff National Health Federation is a California corporation with no particular ties to the Northern District of Illinois, and although plaintiff Heidemann, a member of the Federation and President of its West Suburban Chapter, resides within the District, it is undisputed that the Federation maintains a chapter within the confines of the Southern District of New York. Thus, by joining a member of its Bronx chapter, the record shows that the NHF and that member petitioned for direct review in the Second Circuit of other vitamin regulations issued by the FDA, and they appeared as petitioners in the case deciding the validity of those regulations. See National Nutritional Foods Association v. Food and Drug Administration, 504 F.2d 761, 767 (2d Cir. 1974). Further, it is not contested that counsel for plaintiffs, prior to filing the suit here, were aware of the suit filed in the Southern District challenging the validity of the Vitamin A & D regulations. In fact, the NHF, by same counsel as are present here, appeared as amicus curiae on the appellate level in conjunction with an appeal to the Second Circuit from an adverse ruling on that complaint. See National Nutritional Foods Association, supra note 2, 512 F.2d at 691.
 
 
 8
 In view of these circumstances, it seems to us that this suit could have been as easily brought in the Southern District of New York, and the filing of the complaint here smacks of gamesmanship. Clearly, it has not been burdensome for the NHF to litigate in the Southern District, and there has been no showing that plaintiff Heidemann's interest could not have been equally well advanced by a member of the Federation's Bronx chapter. No reason is given for not filing in that district which might then have led to a consolidation of the suits. We do not think that the plaintiffs should be allowed to so easily avoid real involvement in litigation in one forum, and then impose on a second federal forum the burden of considering anew the same issues. See TRW, Inc. v. Ellipse Corp., 495 F.2d 314, 322 (7th Cir. 1974). Accordingly, for the reasons discussed above, the judgment of dismissal is
 
 
 9
 Affirmed.
 
 
 
 [1]
 The first dismissal order, based on the fact that the same issues were pending in litigation in New York, was entered sua sponte by the trial court after plaintiffs did not appear for a preliminary status report. The order vacating the dismissal was entered after the circumstances surrounding the plaintiffs' absence were explained by affidavit. No mention of the grounds which led to the initial dismissal of the complaint was made by the court in its oral opinion explaining the dismissal based on the merits
 
 
 [2]
 The New York litigation is now at an advanced stage. After denial of a preliminary injunction on September 25, 1973, National Nutritional Foods Ass'n v. Weinberger, 366 F.Supp. 1341 (S.D.N.Y.), aff'd 491 F.2d 845 (2d Cir. 1973), the Government's motion for summary judgment was granted after a review of the merits, and the complaint was dismissed on April 5, 1974. 376 F.Supp. 142. On appeal, the Second Circuit upheld the authority of the Commissioner of Food and Drugs, acting pursuant to the power delegated by the Secretary of HEW, to issue binding regulations classifying substances as drugs pursuant to rule-making and without a hearing, but remanded for further inquiry by the district court as to whether the high dosage preparations of Vitamins A & D were rationally categorized as drugs. 512 F.2d 688 (2d Cir. 1975), petition for cert. filed 43 U.S.L.W. 3603 (U.S. May 2, 1975). At oral argument, Government counsel advised us that briefing on the remanded issue is to be completed in May
 
 
 [3]
 We note that whether binding regulations classifying substances as drugs may be promulgated pursuant to rule-making and without a hearing is a different issue from whether the particular substances so classified are properly categorized as drugs in accordance with the statutory definition. See 21 U.S.C. § 321(g)(1). The first issue deals with the extent of the rule-making authority, while the second issue goes to a review of the merits of the classification
 Although the plaintiffs have framed the issue here as whether a hearing is required to issue the Vitamin A & D regulations, they appear to have concentrated their attack, as evidenced by their trial and appellate briefs, on the merits of the classification. The basis for the trial court's dismissal on the merits is unclear, but seems to be based on an evaluation of the classification, and the court does not appear to have limited itself to a consideration of the rule-making authority of the Secretary. The administrative record was not before the trial court, however, and it therefore did not conduct the required inquiry into the record. See Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Therefore, this fact also supports discretionary dismissal as proper.