125 P.3d 1067

### FARMERS INSURANCE EXCHANGE, Plaintiff–Appellant,

v.

### Patricia A. TUCKER and John F. Hoctor, individually, and as Co–Personal Representative of the Estate of Cathryn Clair Rose Tucker, deceased, Defendants–Respondents.

### No. 30847.

Supreme Court of Idaho, Pocatello, September 2005 Term.

Nov. 23, 2005.

days during the pendency of this appeal.

Racine, Olson, Nye, Budge & Bailey, Chartered, Pocatello, Idaho, for appellant. John R. Goodell argued.

Hepworth, Lezamiz & Janis, Chartered, Boise, Idaho, and Hoyt & Blewett, PLLC, Great Falls, Montana, for respondent Patricia A. Tucker. Alexander Blewett, III, argued.

Hopkins, Roden, Crockett, Hansen & Hoopes, PLLC, Idaho Falls, Idaho, for respondent John F. Hoctor. Steven K. Brown argued.

JONES, J.

Farmers Insurance Exchange appeals from the district court's decision insofar as it denied leave to amend the complaint to seek adjudication of the amount of an underinsured motorist (UIM) claim in a declaratory proceeding. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2002, eleven-year-old Cathryn Tucker (Decedent) suffered fatal injuries in a two-car collision in Montana. At the time of the accident Decedent was a passenger in a vehicle driven by a relative, Robert Cushman. The accident occurred when the driver of an oncoming vehicle, Janie McNair, crossed over the centerline and crashed into Cushman's vehicle. Prior to her death, Decedent resided in Idaho Falls with her mother, Patricia Tucker, and her mother's husband, Robert Starr. Starr had purchased an insurance policy from Farmers Insurance Company of Idaho (FICI) and an umbrella insurance policy from Farmers Insurance Exchange (FIE) prior to the collision, both of which provided UIM coverage for the family. In March of 2003, two actions relating to the accident were filed, one in Idaho and another in Montana.

FICI was first to the courthouse, filing a complaint in Bannock County on March 13,

2003, seeking to compel arbitration of the UIM claim against its policy. FIE joined in the complaint five days later. Three days later, on March 21, 2003, Tucker and the Decedent's father, John Hoctor, filed a complaint in Montana seeking damages against McNair for negligence and asserting UIM claims against FICI and FIE.[1]

On May 13, 2003, FICI and FIE filed motions in both actions. In the Idaho action, they moved for an order compelling arbitration. In the Montana action, they moved for dismissal as against them, based on the pendency of the Idaho proceedings. On June 23, 2003, the Montana action was dismissed as against FICI and FIE, based on comity and the fact that the Idaho court was considering the question of whether the insurance policies required arbitration—a question involving interpretation of insurance contracts issued in Idaho to Idaho insureds.

The Idaho court granted the motion to compel arbitration as to FICI because that policy contained an express arbitration clause. The district court denied the motion as to FIE because that policy did not contain such a clause. Following the ruling on the motion to compel arbitration, Tucker and Hoctor settled their UIM claim against FICI for $288,404.09 (policy limits, plus interest). They settled their claims against McNair and her insurance carrier, State Farm, for $35,625 and against Cushman and his insurance carrier, Safeco, for $200,000. On September 2, 2003, they filed a second complaint in Montana, naming FIE as defendant and seeking damages to the extent that the amounts received from McNair, Cushman, and FICI, had not satisfied their claims.[2]

On November 10, 2003, FIE filed a motion in the Idaho action, seeking leave to file an amended complaint for declaratory relief. FIE wished to pursue a declaratory judgment that would determine the right of Tucker and Hoctor "to recover additional amounts under FIE's policy's UIM coverage, if any, and the amount thereof, according and subject to the terms and conditions of FIE's policy's UIM coverage and applicable law." FIE was partially successful on its motion to amend in the Idaho action. The district court allowed FIE leave to amend in order to pursue a declaratory judgment "to determine whether FIE must pay ... damages and to whom it must pay the damages", but it refused amendment to allow FIE to determine in such action "the amount of damages the Defendants may seek from FIE...." FIE appeals the denial of an amendment seeking the determination of damages in the declaratory action.

## II.

### STANDARD OF REVIEW

■ "The denial of a plaintiff's motion to amend a complaint to add another cause of action is governed by an abuse of discretion standard of review." *Estate of Becker v. Callahan*, 140 Idaho 522, 527, 96 P.3d 623, 628 (2004) (quoting *Thomas v. Medical Center Physicians, P.A.*, 138 Idaho 200, 210, 61 P.3d 557, 567 (2002)).

■ An "abuse of discretion" standard requires this Court to inquire as to:

(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and, (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

### ANALYSIS

**A. Did The District Court Abuse Its Discretion In Denying Amendment To Determine the Amount of Damages In The Idaho Declaratory Action?**

The Declaratory Judgment Act authorizes courts to declare rights, status, and other

---

1. Prior to filing their action in Montana, Tucker and Hoctor had initiated a probate proceeding for the Decedent's estate in Bonneville County, Idaho.

2. On June 30, 2004, FIE moved for dismissal of the second Montana action. The Montana court declined to rule on the dismissal motion and, instead, stayed action on it pending resolution of the proceedings in Idaho.

legal relations. I.C. § 10–1201. Where the proceeding involves the determination of an issue of fact, such issue may be tried and determined as in other actions. I.C. § 10–1209. In this case, FIE sought an amendment to determine whether it was liable under its umbrella policy and, if so, the extent of its liability for damages. Idaho Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given when justice so requires. The district court stated that FIE's motion to amend was timely and found that FIE had not filed the motion with "motives of bad faith or dilatory motives", noting that at the time of filing the motion to amend FIE "did not even know that [Tucker and Hoctor] had filed a similar complaint in Montana." The court allowed FIE to file an amended complaint asserting a declaratory claim to determine "whether FIE must pay such damages and to whom it must pay the damages" but it refused amendment "to determine the amount of the damages [Tucker and Hoctor] may seek from FIE in a wrongful death action and/or in a breach of contract action." We must determine whether the district court abused its discretion in denying such amendment.

The district court began its analysis by examining the literal words of the statute. It correctly noted that the literal words of the statute should be given their plain, obvious and rational meaning and that the court does not need to engage in statutory construction if the language is clear and unambiguous. The district court determined that the provisions of the Act are clear and unambiguous and that the court had the ability to "declare a party's rights, status, and other legal relations under [the FIE] insurance contract." The court viewed FIE's request as one primarily seeking to determine an issue of fact, i.e., what amount of damages (if any) FIE needed to pay under its umbrella policy, and stated that a declaratory judgment action was not the proper vehicle to determine such an issue of fact. The district court relied on the following language in *Ennis v. Casey*, 72 Idaho 181, 238 P.2d 435 (1951):

A statute worded the same as [I.C. § 10–1201] has been enacted by many of the states, also the United States Congress. No authority from any decision of the

states, or the United States, has been called to our attention where the statute had been interpreted to include an adjudication of rights and liability which necessitated the determination of whether or not a tort or wrong had been committed, or to determine a liability due to breach of contract.

*Ennis*, 72 Idaho at 184, 238 P.2d at 437. The court cited *Country Ins. Co. v. Agricultural Development, Inc.*, 107 Idaho 961, 972, 695 P.2d 346, 357 (1984) as having forewarned that "the Declaratory Judgment Act is not a freeway open for the litigation of factual disputes." The court then responded to FIE's argument that *Sweeney v. American National Bank*, 62 Idaho 544, 115 P.2d 109 (1941), mandated the district court to allow the amendment by stating:

*Sweeney* was decided prior to *Ennis* and cited therein. While *Sweeney* seems to be overruled by *Ennis*, it was not. However, *Ennis* was decided last and its holding is clear that declaratory judgment actions are not proper remedies where the main issue is the determination of an issue of fact. To this Court, it seems that *Ennis*, and other cases citing it, prefer a court to allow a jury trial on issues of fact in a regular action rather than decide those issues in a declaratory judgment action.

The district court's conclusion is in keeping with this Court's ruling in *Country Ins. Co.*, wherein we held that a declaratory judgment should not be allowed "where the questions presented should be the subject of judicial investigation in a regular action."

The court then addressed FIE's contention that it should be allowed to litigate the damage issue in the Idaho action because it had filed its action first. The court acknowledged that the Idaho action had been filed first but noted that Tucker and Hoctor had filed their second complaint in Montana before FIE filed to amend its complaint in Idaho. The court cited the following language from *Scott v. Agricultural Products Corp., Inc.*, 102 Idaho 147, 150, 627 P.2d 326, 329 (1981):

There does exist authority for the proposition ... that where the commencement of

the declaratory judgment action precedes the request for traditional relief, the motion to dismiss the declaratory judgment action should be denied. (citations omitted) However, there exists an equally strong line of authority which rejects the application of such a categorical rule. (citations omitted) The latter line of authority appears to be the better view, and the court is in agreement with Moore's observation in his treatise on Federal Practice that:

'The efficacy of the declaratory remedy would be subverted by a strict adherence to any such ironclad dogma. Since admittedly discretion rather than jurisdiction is at issue, the effect to be ascribed to the pendency of another action should be determined by broad principles of convenience, expediency and efficiency—and not by the enunciation of rules of thumb.' Moore's Federal Practice, Vol. 6A section 57.08 (2d ed.1974).

Based upon the foregoing analysis, the court found that allowing the action in Montana to continue as to the amount of damage that Tucker and Hoctor may be able to collect from FIE would promote efficiency and expediency.

■ The district court did not abuse its discretion. The court clearly perceived the issue as one of discretion, as evidenced by its observation that the decision was "discretionary." The district court acted within the outer boundaries of its discretion when it specifically found that there was no authority supporting the position of FIE that it should be able to maintain a declaratory judgment action to determine damages when there was a wrongful death and survivorship action pending in Montana designed to address that very issue. The district court's legal analysis is well reasoned and sound.

FIE's argument admittedly has some initial curb appeal. It asserts the remaining issues between the parties should be tried in Idaho because the case involved the interpretation of an insurance policy issued in Idaho to Idaho insureds and that most of the likely trial witnesses on the damage issue are from Idaho. However, when one takes a closer look at what remains to be decided in the case, it boils down to the question of how much FIE must pay under its policy. While the district court allowed FIE to amend in order to seek a determination of whether FIE is liable for damages under its policy and, if so, to whom it must pay, those questions need not be litigated in the Idaho action.

When asked at oral argument what questions remained to be litigated in the Idaho action, FIE's counsel responded, "I don't think there is anything remaining to be litigated in Idaho because there is no coverage issue. It's just a question of determining what is the amount due under the policy." Later he stated, "There is no liability or negligence issue. It's purely a question of how much damages are recoverable under the facts of the case ..." When asked how he would suggest the trial court handle the case, he stated, "I would urge the trial court to litigate the question of damages without advising the jury of what other insurance settlements exist or don't exist. . . . Let them return a verdict of whatever the amount is . . . ." The judge would take the verdict information and then credit the previous recoveries against the verdict award up to the policy limit of one million dollars.

There is no complicated question to answer with regard to interpretation of the policy. It appears from the comments of counsel that it would merely take a ministerial calculation to determine what, if anything, Tucker and Hoctor are entitled to after damages are determined. In his initial decision on the motion to compel arbitration, the district court noted that the Decedent's estate anticipated collecting the insurance proceeds, which would then be distributed from the estate. Thus, the question of who receives any money under the policy will likely be determined in the estate proceeding, rather than in this case. The only issue of substance to be determined is the factual question as to the amount of damages, a question which is pending in the first-filed regular action in the state of Montana. The district court's determination, therefore, is certainly reasonable under these circumstances. We will not disturb it on appeal.

**196**

### B. Is FIE Liable for Attorney Fees on Appeal?

 Tucker and Hoctor claim an entitlement to attorney fees under I.C. § 12–121, contending that FIE's appeal was brought frivolously, unreasonably, or without foundation. They cite *Durrant v. Christensen,* 117 Idaho 70, 74, 785 P.2d 634, 638 (1990) for the proposition that an award of fees on appeal is appropriate "when we are left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." However, this Court is not left with the abiding feeling that FIE acted in such a fashion. While it did not prevail on appeal, its arguments were well presented and it cannot be said that they were without some merit.

### VI.

### CONCLUSION

The decision of the district court is affirmed. Costs are awarded to Tucker and Hoctor but they are awarded no attorney fees.

Chief Justice SCHROEDER and Justice TROUT concur.

Justice EISMANN, concurring in part and dissenting in part.

I concur in Parts I., II., and III.A. of the majority opinion. I dissent as to part III.B.

At the time FIE moved to amend its complaint to allege a claim for declaratory judgment against Tucker and Hoctor, they already had an action pending in Montana against FIE to recover damages. The proposed declaratory judgment action would simply duplicate the pending Montana action. The only issues that would be litigated in the declaratory judgment were the same issues to be litigated in the Montana action—the factual issues regarding the amount of damages suffered by Tucker and by Hoctor as a result of the death of their daughter. The sole purpose for FIE amending its complaint to allege a claim for declaratory judgment was an attempt to change venue from Montana to Idaho.

The district court refused to countenance FIE's maneuvering. Not only is a declaratory judgment action an improper vehicle to litigate the factual issue of the amount of damages suffered by someone, but using it simply to seek a change of venue is an improper purpose. To prevail on appeal, FIE would have to show that the district judge abused his discretion. Its claim that he did is frivolous, unreasonable, and without foundation. I would therefore award Tucker and Hoctor attorney fees on appeal pursuant to Idaho Code § 12–121.

Justice BURDICK concurs.