486 P.2d 273

**Ellis Gaard WILLMORE a/k/a Gaard Willmore a/k/a Ellis Willmore, and Olive S. Sorenson, formerly Olive S. Nelson, Plaintiffs-Respondents,**

v.

**Albert CHRISTENSEN and Martha Christensen a/k/a Mrs. Albert Christensen, Defendants-Appellants.**

**No. 9732.**

Supreme Court of Idaho.

June 25, 1971.

Gee & Hargraves, Pocatello, for appellants.

Johnson & Olson, Pocatello, for appellees.

SHEPARD, Justice.

This appeal is from a judgment in favor of plaintiffs for unlawful detainer, with

defendants contending that a lease of farm lands was violated by plaintiffs' sale of the land during the alleged term of the lease.

Plaintiffs-respondents, hereinafter plaintiffs, by written contract in 1958 leased to the defendants-appellants certain farm lands. The contract contained an option for the lessee to renew and to also have a first option to purchase. Although the evidence is somewhat conflicting, defendants contend that the lease contract was orally renewed in 1962 for an additional four years. In the years 1963 and early 1964, plaintiffs attempted to sell the property and received an offer to purchase from a neighboring landowner. That offer was revealed to defendants and the evidence reveals that defendants were tendered their right of first purchase. The evidence is clear that the opportunity of the defendants to purchase was extended several times by plaintiffs. The evidence reveals that the defendants failed to exercise their option to purchase.

On June 5, 1964, demand of possession and notice to quit was made and served upon defendants under I.C. § 6–303(2). Thereafter, the contract of sale and conveyance of property was entered into between plaintiffs and the neighboring landowner. The trial court found that the oral "renewal" of the lease violated the statute of frauds and that a year to year tenancy came into being at the termination of the written lease, and that the notice to quit and demand for possession had been served within 60 days after the expiration of the term. The trial court further held that since the action was one of unlawful detainer, no counter or cross-claim was proper and therefore the claim by defendants was dismissed.

Defendants urge upon this appeal that even if the renewal of the contract was oral, it was taken out of the statute of frauds by part performance. We do not reach consideration of this point since another is dispositive of this appeal.

■ The lease contract stated unequivocally that lessors had the right to sell the property during the term of the lease, that the lessee was given first option to buy, and that upon failure of lessee to exercise such option the lessor was free to engage in a sale and the sale would automatically terminate the lease.[1]

It is clear therefore that even if the contract were indeed renewed for the additional four year term as contended by defendants, it could be nonetheless terminated by a sale of the property if the lessee failed to exercise his option to purchase. The judgment of the court below was consistent in the theory with either a renewal of the lease for four years or a renewal only on a year to year tenancy. "This court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory." Fischer v. Fischer, 92 Idaho 379, 443 P.2d 463 (1968); Berry v. Koehler, 86 Idaho 225, 384 P.2d 484 (1963).

■ ■ Defendants also complain that the trial court erred in dismissing their cross or counter-claim. It is clear that the action of the court below was in the nature of unlawful detainer and it is also clear that no counter or cross-claim is allowed in this state in an action in unlawful detainer. Fry v. Weyen, 58 Idaho 181, 70 P.2d 359 (1937); Hunter v. Porter, 10 Idaho 72, 77 P. 434 (1904). I.R.C.P. 13(a) is to be read in light of the then existing Idaho law and

---

1. IT IS FURTHER MUTUALLY AGREED, by the parties hereto, that if the lessors [plaintiffs-respondents] at any time during the term of this lease desire to sell the lands concerned herein, the lessee shall be given first option to buy the lands on the terms and conditions set forth by the lessor; that if the lessee rejects said offer then and in that event the lessor is free to negotiate a sale of lands concerned herein with a third party and *the sale of said lands shall automatically terminate this lease*; that if said lands are sold to a third party, the lessee herein shall have the right to enter upon said lands and to remove therefrom his due share of fall crops then in existence or growing as the law provides therefor. (Emphasis added)

we find no indication therein that Rule 13(a) was intended to or has changed the rules of procedure as to unlawful detainer. We note further that Rule 81(a) provides that the I.R.C.P. do not govern practice and procedure in any special statutory proceedings insofar as they are inconsistent or in conflict therewith. Although Rule 81(a) fails to itemize the "special statutory proceedings," we conclude that said phrase was intended to include actions in unlawful detainer. The dismissal of the counterclaim was therefore proper.

Judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON and SPEAR, JJ., concur.