# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 49976

DALLEN WORTHINGTON and
RACHEL WORTHINGTON,

    Plaintiffs-Appellants,

v.

CARLENE CRAZY THUNDER,

    Defendant-Respondent.

Blackfoot, August 2023 Term

Opinion Filed: January 3, 2024

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Cleve Colson, Magistrate Judge. Darren B. Simpson, District Judge.

The district court's judgment is <u>affirmed</u>.

Blaser Oleson & Lloyd, Chartered, Blackfoot, attorneys for Appellants.
Jeromy Pharis argued.

Idaho Legal Aid Services, Inc., Pocatello, attorneys for Respondent.
Karl Lewies argued.

---

BEVAN, Chief Justice.

This appeal concerns whether a tenant has a constitutional right to a jury trial on an action for unlawful detainer. Dallen and Rachel Worthington filed an expedited unlawful detainer action against Carlene Crazy Thunder under Idaho Code section 6-311A for failure to pay rent. Crazy Thunder demanded a jury trial, which the magistrate court denied. Following a bench trial, the magistrate court found Crazy Thunder had unlawfully detained the Worthingtons' property and ordered her to vacate the residence. Crazy Thunder filed an intermediate appeal to the district court, arguing she had a right to a jury trial under Idaho's constitution and Idaho Code section 6-313. The district court agreed, concluding that section 6-311A conflicted with section 6-313, and that section 6-311A violated Article I, section 7 of the Idaho Constitution. The Worthingtons timely appealed from the district court's decision, arguing that the district court erred in concluding

that Idaho Code section 6-311A violates the Idaho Constitution. For the reasons discussed below, we affirm the district court's decision, though on different grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2018, Crazy Thunder entered a lease with the Worthingtons to rent a residential property in Blackfoot, Idaho. On June 25, 2021, Crazy Thunder served the Worthingtons a three-day notice for repairs. That notice requested waterproofing, electrical, plumbing, heating, and other maintenance. The next month, without addressing Crazy Thunder's repair request, the Worthingtons mailed Crazy Thunder a notice that her tenancy was terminated. The notice alleged that Crazy Thunder violated the lease by allowing another family to move into the home, damaging the home, and being delinquent in paying rent. The notice gave Crazy Thunder until August 15, 2021, to vacate. Crazy Thunder did not vacate, and on September 17, 2021, the Worthingtons served her with a three-day notice to cure the default or quit the premises. Crazy Thunder again failed to leave and so, on October 12, 2021, the Worthingtons filed a complaint for unlawful detainer on termination of the lease.

Following the filing of the Worthingtons' newest complaint, Crazy Thunder moved to dismiss it under Idaho Rule of Civil Procedure 12(b)(8), arguing that another action was already pending between the parties involving the same cause.[1] Crazy Thunder then filed her answer and demand for a jury trial. In her answer, Crazy Thunder asserted several affirmative defenses, including: (1) the notice to vacate was a retaliatory termination of her lease following her request for repairs; (2) the Worthingtons failed to provide statutory notice to pay rent or vacate; (3) the Worthingtons waived the right to evict by accepting full rent for September 2021 and partial rent for October 2021; and (4) Crazy Thunder was entitled to a jury trial because the pleadings presented questions of fact.

On October 25, 2021, the magistrate court heard oral arguments on Crazy Thunder's motion to vacate the bench trial and motion to dismiss. During oral argument, the magistrate court noted several deficiencies in the Worthingtons' complaint and the notice of nonpayment of rent. The magistrate court advised the Worthingtons' counsel to amend the complaint and "then you've got to have your three-day notice done right[.]" Despite Crazy Thunder's objection to the

---

[1] An unlawful detainer action against Crazy Thunder, CV06-21-1359, had been filed earlier. At a hearing on the case now on appeal, the magistrate acknowledged the earlier case was duplicative of this case and dismissed the earlier claim.

2

magistrate court giving the Worthingtons time to cure these deficiencies, the magistrate court denied the motion to dismiss and declined to proceed with a trial that day. Separately, the magistrate court acknowledged the Worthingtons' request for an expedited trial, while also denying Crazy Thunder's motion for a jury trial.

Following that hearing, the Worthingtons amended their complaint for unlawful detainer on termination of lease. The Worthingtons attached a three-day notice to cure default or quit to the amended complaint, which was sent to Crazy Thunder on October 22, 2021. That notice alleged that Crazy Thunder owed an $85 late fee for August, September, and October 2021, owed $100 rent for September, and owed $850 rent for October. Crazy Thunder moved to dismiss the amended complaint under Idaho Rule of Civil Procedure 15(d), arguing that the Worthingtons' amended complaint was a supplemental pleading being used to sustain the original complaint. That said, Crazy Thunder answered the amended complaint, putting forward additional affirmative defenses, including that the Worthingtons terminated the lease in August 2021, and that Crazy Thunder entered a new tenancy under operation of law after the lease was terminated.

The magistrate court[2] heard oral arguments on Crazy Thunder's revised motions on November 8, 2021, denying the motion to vacate the bench trial and again denying her motion for a jury trial. That same day, the magistrate court proceeded with the bench trial. Crazy Thunder's counsel objected to the magistrate court's decision, arguing that the court had exceeded its jurisdiction when it denied Crazy Thunder's request for a jury trial. As a result, Crazy Thunder "refus[ed] to participate in an unlawful bench trial[,]" and counsel for Crazy Thunder put forth no evidence or argument during the bench trial. Ultimately, the magistrate court concluded that Crazy Thunder was in unlawful possession of the property and gave her 72 hours to vacate the premises. The magistrate court entered a judgment memorializing this decision. This judgment was later amended.

Crazy Thunder filed a notice of intermediate appeal to the district court. While the brief Crazy Thunder filed on intermediate appeal is not in the record, an amended notice of appeal filed shortly after the amended judgment was entered sets forth that she intended to challenge, among other issues, the constitutionality of Idaho Code section 6-311A. Crazy Thunder timely filed an

---

[2] On November 1, 2021, magistrate judge, Scott Hansen, voluntarily recused himself from the case, and a different magistrate judge, Cleve Colson, was assigned. Judge Colson heard the parties' arguments on November 8, 2021.

opening brief with the district court, but the Worthingtons did not respond. On May 13, 2022, the district court entered an order taking the case under advisement based solely on Crazy Thunder's brief. On June 23, 2022, the district court issued a decision and order on appeal, concluding: (1) Idaho Code section 6-311A violates Article I, section 7 of the Idaho Constitution; (2) the magistrate court erred in denying Crazy Thunder's jury demand; (3) the magistrate court erred in awarding attorney fees to the Worthingtons; and (4) Crazy Thunder was entitled to attorney fees on appeal. The Worthingtons timely appealed.

## II. STANDARDS OF REVIEW

When this Court reviews the decision of a district court sitting in its appellate court capacity,

> [t]he Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Nelson v. Evans*, 166 Idaho 815, 819, 464 P3d 301, 305 (2020) (quoting *Bailey v. Bailey*, 153 Idaho 526, 52, 284 P.3d 970, 973 (2012)). Importantly, "this Court does not review the decision of the magistrate court[,]…[r]ather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Matter of Estate of Hirning*, 167 Idaho 669, 675, 475 P.3d 1191, 1197 (2020) (alterations original) (quoting *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013)).

Additionally, "[t]he interpretation of a statute is a question of law this Court reviews de novo." *Alpha Mortg. Fund II v. Drinkard*, 169 Idaho 446, 449, 497 P.3d 200, 203 (2021) (quoting *State v. Smalley*, 164 Idaho 780, 783, 435 P.3d 1100, 1103 (2019)). Similarly, "[c]onstitutional questions . . . are questions of law over which this Court exercises free review." *Id.* (quoting *Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 622, 474 P.3d 683, 694 (2020)).

## III. ANALYSIS

Before we consider the merits of the Worthingtons' arguments on appeal, we must first determine whether those arguments have been properly preserved. The thrust of the Worthingtons' appeal is that the district court erred in concluding that Idaho Code sections 6-311A violates the Idaho Constitution. Crazy Thunder points out that the Worthingtons make this claim for the first time on appeal before this Court. As noted above, the Worthingtons did not submit briefing or otherwise participate in the intermediate appeal. Because this case comes to the Court following

that intermediate appeal, Crazy Thunder maintains that the Worthingtons' new arguments, which were never presented to the district court, have been waived. We disagree.

While we acknowledge that the Worthingtons did not participate on intermediate appeal below, we note that it was Crazy Thunder—not the Worthingtons—who appealed the magistrate court's decision to the district court. We have repeatedly explained that, unlike the appellant, who "bears the burden of proving error[,]" "a respondent bears no such burden[.]" *Allen v. Campbell*, 169 Idaho 125, 129–30, 492 P.3d 1084, 1088–89 (2021); *see Nelsen v. Nelsen*, 170 Idaho 102, 126, 508 P.3d 301, 325 (2022) (quoting *Am. Falls Reservoir Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 882, 154 P.3d 433, 453 (2007)) ("On appeal, the appellant carries the burden of showing that the district court committed error."). Thus, it was Crazy Thunder, not the Worthingtons, who bore the burden of proving error before the district court. And a review of the record confirms that Crazy Thunder explicitly challenged the constitutionality of Idaho Code section 6-311A. Moreover, the issues now before this Court on appeal are questions of law. "This Court applies a de novo standard of review to questions of law." *Siercke v. Siercke*, 167 Idaho 709, 713, 476 P.3d 376, 380 (2020) (citing *Zeyen v. Pocatello/Chubbuck Sch. Dist. No. 25*, 165 Idaho 690, 694, 451 P.3d 25, 29 (2019)). As a result, we consider the merits of the Worthingtons' challenge on appeal.

**A.      Idaho Code section 6-311A does not conflict with Article I, section 7 of the Idaho Constitution; however, Crazy Thunder is entitled to a jury trial on her legal claims.**

The primary issue before us requires this Court to consider two questions: (1) whether Idaho Code section 6-311A is constitutional; and (2) if the statute is constitutional, whether Crazy Thunder raised legal claims that entitled her to a jury trial under Idaho Code section 6-313. For the reasons discussed below, we answer both questions in the affirmative and affirm the district court's decision, though on different grounds.

*1.  Whether Idaho Code section 6-311A violates the Idaho Constitution.*

As an equitable action, the Worthingtons argue there is no right to a jury trial for nonpayment of rent under Article I, section 7 of the Idaho Constitution. From the Worthingtons' perspective, because the relief sought in an unlawful detainer action is possession of real property—not money damages—the action is one of equity.

Article I, section 7 of the Idaho Constitution provides that the right of trial by jury must remain "inviolate." IDAHO CONST. art. I, § 7. Even so, this Court has made clear that "[t]his right

5

exists for claims in law only, and not for claims in equity." *Morgan v. New Sweden Irr. Dist.*, 160 Idaho 47, 51, 368 P.3d 990, 994 (2016). *See also O'Holleran v. O'Holleran*, 171 Idaho 671, 676, 525 P.3d 709, 714 (2023) ("It is generally recognized that the constitutional right to a jury trial applies only to legal claims and not equitable claims."). And, even when adjudicating an equitable claim, this Court has acknowledged that bringing a claim in equity does not "automatically strip a defendant's right to a jury trial on issues of fact." *Morgan*, 160 Idaho at 51, 368 P.3d at 994 (citing *Ennis v. Casey*, 72 Idaho 181, 185, 238 P.2d 435, 438 (1951)). "Where the fact at issue determines an underlying claim or remedy at law, a jury trial is still required." *Id.* We explained:

> For example, in *Ennis* this Court reviewed a declaratory judgment action regarding whether or not a party was entitled to new warehouse receipts. 72 Idaho at 182, 238 P.2d at 436. Whether the defendant was required to issue new warehouse receipts turned on whether it had exercised reasonable due care and what, if any, damage was attributable to any failure to do so. *Id.* The district court conducted a bench trial and made findings of fact as to these issues. *Id.* On appeal, this Court held that determining questions of reasonable due care and damages was equivalent to deciding an action for negligence—an action in law for which defendant maintained its right to a jury trial. *Id.* at 185, 238 P.2d at 438. Determining such facts, even in an action in equity, was therefore improper unless the parties had waived their jury trial rights. *Id.* Likewise, in *Farmers Insurance Exchange v. Tucker,* this Court held that the factual determination of damages owed under an umbrella insurance policy necessitated a jury trial because damages are a remedy in law rather than equity. 142 Idaho 191, 194, 125 P.3d 1067, 1070 (2005).

*Morgan*, 160 Idaho at 51–52, 368 P.3d at 994–95.

The district court held that Idaho Code section 6-311A violates the clear mandate of Idaho Constitution Article I, section 7. Section 6-311A addresses actions *exclusively* for the possession of land under five acres or for nonpayment of rent. That section states:

> In an action *exclusively for possession* of a tract of land of five (5) acres or less for the nonpayment of rent or on the grounds that the landlord has reasonable grounds to believe that a person is, or has been, engaged in the unlawful delivery, production, or use of a controlled substance on the leased premises during the term for which the premises are let to the tenant, or for forcible detainer, or if the tenant is a tenant at sufferance pursuant to subsection (11) of section 45-1506, Idaho Code, the action *shall be tried by the court without a jury*. If, after hearing the evidence the court concludes that the complaint is not true, it shall enter judgment against the plaintiff for costs and disbursements.

I.C. § 6-311A (emphasis added).

Section 6-311A is limited to claims for unlawful detainer. "[I]n an action for unlawful detainer, the sole question involved is right of possession[.]" *Richardson v. King*, 51 Idaho 762,

6

10 P.2d 323, 324 (1932); *Texaco, Inc. v. Johnson*, 96 Idaho 935, 938, 539 P.2d 288, 291 (1975). Because the relief sought in an action for unlawful detainer is *exclusively* to restore possession of land, such an action, as limited and defined by that statute, is an equitable claim. *See, e.g.*, *AED, Inc. v. KDC Investments, LLC*, 155 Idaho 159, 166, 307 P.3d 176, 183 (2013) (quoting *Bolognese v. Forte*, 153 Idaho 857, 864, 292 P.3d 248, 255 (2012)) ("Equitable remedies are available when 'there is no adequate remedy at law'"). "It is a fundamental principle that equitable remedies are only available when 'there is no adequate remedy at law. . . .'" *Gallagher v. Best W. Cottontree Inn*, 161 Idaho 542, 545, 388 P.3d 57, 60 (2017) (quoting *AED, Inc.*, 155 Idaho at 166, 307 P.3d at 183 (2013)). "This Court's basic rule is that equity will not intervene where the aggrieved party has a plain, speedy, adequate, and complete remedy at law." *Hull v. Giesler*, 156 Idaho 765, 779, 331 P.3d 507, 521 (2014). In cases brought exclusively for repossession of land of five acres or less, the law provides no adequate legal remedy. Thus, such actions as identified in section 6-311A can be constitutionally tried to the court without a jury. In such limited circumstances, section 6-311A does not run afoul of Article I, section 7 of the Idaho Constitution.

    2.   *Crazy Thunder raised legal claims that entitle her to a jury trial under Idaho Code section 6-313.*

This case is not a case exclusively involving possession of land. The question presented here is not resolved by simply applying Idaho Code section 6-311A. Instead, "[w]henever an issue of fact is presented by the pleadings" in an unlawful detainer case, the right to a jury trial must be held inviolate. IDAHO CONST. art. I, § 7; I.C. § 6-313. When that occurs, whether such issues of fact are presented by the complaint, by affirmative defenses[3] in an answer or through a counterclaim for affirmative relief, those issues *"must be tried by a jury*, unless such jury be waived as in other cases." I.C. § 6-313 (emphasis added). "Issues of fact are questions for the jury[.]" *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 12, 43 P.3d 768, 771 (2002) (citing *Garrett Freightlines, Inc. v. Bannock Paving Co., Inc.*, 112 Idaho 722, 726, 735 P.2d 1033, 1037 (1987)).

---

[3] "An affirmative defense is [a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 325, 429 P.3d 855, 866 (2018).

Thus, the district court here (and other trial courts throughout the state[4]) have erred in holding that section 6-311A is unconstitutional on its face. It is not. But it would be unconstitutional if section 6-313 were not applied as it requires: any issue of fact "presented by the pleadings [in a wrongful detainer case] must be tried by a jury, unless such jury be waived[.]" I.C. § 6-313. Thus, in this case, Crazy Thunder is entitled to a jury trial on the legal issues presented by her affirmative defenses because she made a specific demand "for a trial by jury . . . as to all issues triable to a jury in this action."

In answer to the Worthingtons' complaint, Crazy Thunder asserted the following affirmative defenses:

1.  <u>Retaliatory lease termination</u>. On or about June 25, 2021, CRAZY THUNDER served WORTHINGTON'S [sic] a three-day notice for repairs, . . . On or about July 16, 2021, WORTHINGTON'S [sic] unlawfully retaliated against CRAZY THUNDER by delivering a thirty-day notice of lease termination to her. . . .

2.  <u>WORTHINGTON'S [sic] failed to provide statutory notice to pay rent or vacate</u>. In an action for possession after default in the payment of rent, Idaho Code [section] 6-303(2) requires "***three days' [(3)] notice, in writing, requiring its payment, stating the amount which is due, or possession of the property***" to be served on the tenant. However, in the instant case WORTHINGTON'S [sic] failed to serve any such three-day notice to pay or vacate on CRAZY THUNDER. Therefore, there is no legal basis to find CRAZY THUNDER guilty of an unlawful detainer on grounds that she failed to pay rent.

3.  <u>Waiver by acceptance of rent</u>. WORTHINGTON'S [sic] waived their rights to evict CRAZY THUNDER on grounds of failure to pay rent by accepting full rent payment from her for the month of September 2021 and a $550.00 partial rent payment for October 2021. These rent payments were direct[ly] deposited into WORTHINGTON'S bank account . . . .

4.  <u>Questions of fact and trial by jury</u>. Whereas the pleadings in this action present questions of fact regarding whether WORTHINGTON'S [sic] unlawfully retaliated against CRAZY THUNDER; whether WORTHINGTON'S [sic] failed to provide notice to pay rent or vacate as required under Idaho Code [section] 6-303(2); and whether WORTHINGTON'S [sic] acceptance of rent constituted a waiver of their

---

[4] Several trial courts in Idaho have declared section 6-311A unconstitutional. *E.g.*, *Idaho Legal Aid Services, Inc. v. State,* 2020 WL 13687699 (Idaho Dist. July 20, 2020); *Hill-Vu Mobile Home Park v. Lloyd*, 2022 WL 19409205 (Idaho Dist. Feb. 14, 2022).

> right to evict CRAZY THUNDER on grounds of failure to pay rent; then this action must be tried by a jury. *See*[ ] Idaho Constitution Art. I, [s]ec. 7, Idaho Code § 6-313, and the Idaho Rules of Civil Procedure, Rule 39.

(Capitalization and emphasis in original.)

Crazy Thunder's assertions of fact in affirmative defense number four, above, are precisely the questions of fact to which she is entitled a jury trial under Idaho Code section 6-313. Thus, the district court was correct when it reversed the magistrate court's decision and vacated the judgment against Crazy Thunder, even though it did so while finding Idaho Code section 6-311A unconstitutional on its face.

Construing both section 6-311A and section 6-313 together as set forth above, we hold Idaho Code section 6-311A is constitutional insofar as it applies to cases when no issues of fact have been presented "by the pleadings." I.C. § 6-313. Unlawful detainer cases are designed to be heard expeditiously. *See* I.C. § 6-310(2) ("the court shall schedule a trial within twelve (12) days from the filing of the complaint, and the service of the summons, complaint and notice of trial setting on the defendant shall be not less than five (5) days before the day of trial appointed by the court."). In such cases, when there are no disputed claims for relief like Crazy Thunder asserted here, the magistrate court appropriately may act as a court in equity and resolve such cases via a bench trial as authorized in Idaho Code 6-311A.

However, in cases like the one here, the right to jury trial on claims at law remains inviolate. IDAHO CONST. art. I, § 7. *See also* I.C. §6-313 and I.R.C.P. 38. The trial court may not act as a factfinder on legal issues, and all such disputed issues must be heard as a jury trial, so long as a jury trial has not been waived. In this case, this would include the jury answering the questions presented by Crazy Thunder's affirmative defenses as well as answering the equitable "issues of fact" that are inexorably intertwined with the legal questions, i.e., whether

> . . . the defendant entered upon the premises, holds the premises, and is in default of the payment of rent or that the landlord has reasonable grounds to believe that any person is, or has been, engaged in the unlawful delivery, production or use of a controlled substance on the leased premises during the term for which the premises are let to the tenant; and
>
> . . . That all notices required by law have been served upon the defendant in the required manner or no notice is required because the defendant is a tenant at sufferance pursuant to section 45-1506(11), Idaho Code . . . .

9

I.C. § 6-310(1)(c), (d). If the jury makes such findings against the defendant, the trial court would then order "[t]hat the plaintiff is entitled to the possession of the premises." I.C.§ 6-310(1)(e).

We set forth the rationale underpinning today's decision in 1988, noting that

> [t]hose who believe in strict construction of [Idaho's] Constitution recognize that the judiciary's oath to "support and defend the Constitution" requires that we resist the temptation to enhance judicial power through encroachment into the provinces constitutionally delegated to the jury.

*David Steed & Assocs., Inc. v. Young*, 115 Idaho 247, 249, 766 P.2d 717, 719 (1988). Our forefathers' astute constitutional mandate is reflected today in Idaho Rule of Civil Procedure 38(a): "**Right to Jury Preserved.** The right of trial by jury as declared by the Constitution or as provided by a statute of the state of Idaho is preserved to the parties inviolate." (Emphasis in original).

Indeed, the *David Steed* case asked this Court, through a petition for writ of mandamus, to confirm the right to a jury trial in an otherwise equitable foreclosure action. We did so, quoting the United States Supreme Court. While the principles we applied reflected federal law related to compulsory counterclaims, the core principles are the same here:

> In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency. This long-standing principle of equity dictates that *only under the most imperative circumstances,* circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.

*David Steed & Assocs., Inc.*, 115 Idaho at 250, 766 P.2d at 720 (brackets and emphasis in original) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500 (1959)). As we stated unequivocally, the right to jury trial, even in equitable actions, remains inviolate as to legal causes of action raised:

> Since the right to a trial by jury is "inviolate" under the Constitution of the State of Idaho, a party to an equity action has a right to a jury trial on the legal causes of action raised pursuant to his compulsory counterclaim, *unless* there is a clear showing of "imperative circumstances" which would cause the equity claimant "irreparable harm while affording a jury trial in the legal cause."

*Id*. at 250–51, 766 P.2d at 720–21 (emphasis in original). Thus, there is a right to a jury trial on legal claims asserted in equitable cases. Moreover, in wrongful detainer cases like this one, this Court's reference to the "imperative circumstances" exception is irrelevant.

That exception stems from language in the *Beacon Theatres* quotation immediately above, which was based on a unique circumstance presented in that case, along with *David Steed*, that

analyzed the question in terms of compulsory counterclaims. That exception is not applicable here because wrongful detainer actions, though equitable like foreclosure actions, are subject to different rules, including the statutory mandate *requiring* a jury trial in all such actions in which "issues of fact" are presented by the pleadings. I.C. § 6-313. In addition, we recognize that wrongful detainer cases must be brought to trial no later than twelve days from the filing of the complaint. I.C. § 6-310(2). Idaho's Rules of Civil Procedure do not contemplate this expedited schedule. The effect of this holding on the ability to conduct discovery (if discovery can be had at all) is not the focus of this opinion, though we recognize that trial judges' supervisory authority over trials would include the ability to manage and *truncate or expedite* discovery in these circumstances. *See* I.R.C.P. 26 (explaining that the trial court may limit the scope of discovery or, for good cause, "order discovery of any matter relevant to the subject matter involved in the action."); I.R.C.P. 42(a)(3) (the trial court may "issue any other orders to avoid unnecessary cost or delay," when actions involve a common question of law *or* fact). Moreover, we recognize that the statutory mandate for expedited trials will certainly pose significant hurdles for litigants, magistrate courts, and jury commissioners throughout Idaho. But the statute imposes this requirement upon our courts, and we are bound to follow it. As a result, Crazy Thunder and similarly situated defendants are entitled to a jury trial in these cases as we have set forth above.

**B.     Crazy Thunder is entitled to costs on appeal, but neither party is entitled to attorney fees.**

The Worthingtons request attorney's fees on appeal under Idaho Code section 12-121. Crazy Thunder also requests attorney fees under Idaho Appellate Rule 41(d), Idaho Code section 6-324, Idaho Code section 12-121, and Idaho Rules of Civil Procedure 54(e)(2) and (e)(1). "An award of attorney fees under [Idaho Code section 12-121] will be awarded to the prevailing party on appeal only when this Court is left with the abiding belief that the entire appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Breckenridge Prop. Fund 2016, LLC v. Wally Enterprises, Inc.*, 170 Idaho 649, 666, 516 P.3d 73, 90 (2022) (quoting *Am. Semiconductor Inc. v. Sage Silicon Sols., LLC*, 162 Idaho 119, 127, 395 P.3d 338, 346 (2017)).

Although Crazy Thunder is the prevailing party on appeal, this case presented a novel legal issue; thus, it was not brought unreasonably, frivolously, or without foundation. For these reasons, Crazy Thunder is awarded costs on appeal as the prevailing party under I.A.R. 40(a), but neither party is entitled to attorney fees.

11

## IV. CONCLUSION

For the reasons stated above, the district court's judgment is affirmed. Crazy Thunder is awarded costs as a matter of course under Idaho Appellate Rule 40(a).

JUSTICES BRODY, STEGNER, MOELLER, and ZAHN CONCUR.